U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 29 2016

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEMETRIUS TERRELL FREEMAN | CIVIL ACTION NO. 1:16-CV-00751 |
| VERSUS | CHIEF JUDGE DRELL |
| M.D. CARVAJAL, WARDEN, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Demetrius Terrell Freeman ("Freeman) filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 25, 2016,[1] challenging his sentences, imposed by the U.S. District Court in the Southern District of Georgia in 2007, on one count of conspiracy to rob a commercial business, three counts of armed bank robbery, and one count of brandishing a firearm during a crime of violence. Freeman was sentenced to a total of 260 months of imprisonment. See U.S. v. Freeman, 2013 WL 5502915, *1 (S.D. Ga. 2013). Freeman contends in his petition that his sentencing guidelines calculation was incorrect, which increased his sentencing guidelines range and, together with allegedly fraudulent incident reports, caused his custody classification to be enhanced (Doc. 1).

---

[1] Freeman initially filed his habeas petition in the Middle District of Louisiana, and it was transferred to the Western District of Louisiana on May 25, 2016 (Doc. 1).

Freeman also filed a Motion for Injunctive Relief (Doc. 6), contending the BOP is planning to move him again and requesting an injunction to prevent them from doing so until his habeas petition has been resolved.

## Law and Analysis

Jurisdiction over a § 2241 petition lies in the district where the petitioner is incarcerated. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). However, § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under § 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a § 2255 motion lies in the sentencing court. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that is the Georgia district court.

Freeman previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that was denied by the Georgia district court as premature in 2013. See U.S. v. Freeman, 2013 WL 5502915, *1 (S.D. Ga. 2013). Freeman filed a second § 2255 motion in 2014 that was dismissed as untimely by the Georgia district court on March 3, 2015.[2] See Freeman v. U.S., 2015 WL 900389 (S.D. Ga. 2015). Freeman filed the current § 2241 petition in the Louisiana district court on March 25, 2016.

Section 2241 is correctly used to attack the manner in which a sentence is executed. See Lee, 244 F.3d at 372. A petition filed under § 2241 that attacks error

---

[2] Freeman contends that he has new, previously unavailable evidence. New evidence may form the basis of a new, timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

2

that occurred at trial or sentencing is properly construed as a § 2255 motion. See Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (2001). This Court lacks jurisdiction to consider Freeman's motion pursuant to § 2255.

Nevertheless, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

See Jeffers, 253 F.3d at 829; see also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition is not a substitute for a motion pursuant to § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a § 2241 petition pursuant to § 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been

3

foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. See Jeffers, 253 F.3d at 829-830 (citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. See Jeffers, 253 F.3d at 830 (citing Reyes-Requena, 243 F.3d at 903-904).

In this case, Freeman has not attempted to show that he meets the savings clause, and has not cited any retroactively applicable Supreme Court decision which establishes that the he may have been convicted of a nonexistent offense or is "actually innocent." Since Freeman has not meet the savings clause requirements, his claims are not properly brought under § 2241, Freeman's habeas petition attacking his federal sentences must be dismissed.

Injunctive Relief

Freeman filed a motion for injunctive relief (Doc. 6), asking the Court to prevent the BOP from transferring him to another facility until the proceedings on his habeas petition are concluded.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will

4

result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In order for Freeman to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. See Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In the instant case, Freeman has failed to meet the requirements set forth above. Freeman has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted. Also, as discussed above, Freeman has not shown there is a substantial likelihood that his cause will succeed on the merits.

Therefore, Freeman's motion for injunctive relief, to prevent the BOP from transferring him to another facility, should be denied.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Freeman's § 2241 habeas petition (Doc. 1) be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Freeman's motion for injunctive relief (Doc. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments

on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 29 day of June 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge